UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

R.E. individually and obo P.E.

                        *Plaintiff*,

      - against -

New York City Department of Education

                        *Defendant*.
-------------------------------------------------------------X

COMPLAINT

Court File No. 22-cv-10116

IHO Case No. 244133

R.E. individually and on behalf of P.E., a child with a disability, for the complaint hereby allege:

1. This is an action brought pursuant to the fee shifting provisions of the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §1415(i)(3).

2. At all times relevant to this action, Plaintiff R.E. and his son P.E. resided within the territorial jurisdiction of the defendant New York City Department of Education ("Defendant" or "Department").

3. Plaintiff R.E. is the parent of a child with a disability as defined by IDEA, 20 U.S.C. §1401(3)(A).

4. Defendant is a local educational agency as defined by IDEA, 20 U.S.C. §1401(19), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. §1400 *et seq.* and the regulations promulgated thereunder.

**JURISDICTION AND VENUE**

5. Jurisdiction is predicated upon 28 U.S.C. §1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of IDEA, 20 U.S.C. §1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

6. Venue is predicated upon 28 U.S.C. §1391(b)(1) based upon the residence of the defendant, and upon 28 U.S.C. §1391(b)(2) based upon the location of the subject matter of this action.

**FACTUAL BACKGROUND AND EXHAUSTION OF ADMINISTRATIVE PROCESS**

7. By letter dated December 21, 2022, Plaintiff R.E. requested a due process hearing on behalf of P.E. pursuant to 20 U.S.C. §1415(f)(1).

8. Plaintiff R.E. sought a determination that the Department had denied his son a free appropriate public education, an order that the Department must provide reimbursement for any amounts paid by the Parent and/or directly fund any amounts owed by the Parent for 2022-2023 tuition paid to the private school, and an order for reimbursement for the private neuropsychological evaluation.

9. Impartial Hearing Officer ("IHO") Harry A. Christodoulou was assigned to the matter under Case No. 244133

10. An impartial hearing was conducted on July 18, 2023.

11. Following the close of hearing, the IHO issued a decision ("IHO Decision") dated August 11, 2023.

12. The IHO found that the Department had denied the student a free appropriate public education for the 2022-2023 school year and ordered the Department to provide reimbursement for any amounts paid by the Parent for the private school tuition, and an order that the Department must reimburse the Parent for the costs associated with the comprehensive neuropsychological evaluation.

13. Neither party appealed the decision of the IHO. Thus, the decision is final.

14. Plaintiffs are a prevailing party by virtue of the IHO's decision.

**FIRST CAUSE OF ACTION**

15. Plaintiffs repeat and reallege paragraphs 1 through 14 as if more fully set forth herein.

16. Plaintiffs have submitted to the Department a request for payment for services rendered ("attorney fee claim").

17. Plaintiffs have attempted, without success, to resolve the attorney fee claim.

18. Settlement negotiations have not occurred because Respondent has been unresponsive to attempts to initiate settlement discussions.

19. Plaintiffs hereby demand reasonable attorney fees and expenses pursuant to 20 U.S.C. §1415(i)(3) for services rendered on the above noted administrative proceedings.

20. Defendant has not satisfied its obligation to pay attorney fees in a timely fashion. Thus, Plaintiffs demand prejudgment interest.

**SECOND CAUSE OF ACTION**

21. Plaintiffs repeat and reallege paragraphs 1 through 20 as if more fully set forth herein.

22. Plaintiffs hereby demand reasonable attorney fees and expenses for services rendered on this action.

WHEREFORE, Plaintiffs respectfully requests that this Court:

(1) Assume jurisdiction over this action;

(2) Award to the Plaintiffs costs, expenses, and attorney fees together with prejudgment interest for the administrative proceedings pursuant to 20 U.S.C. §1415;

(3) Award to Plaintiffs the costs, expenses, and attorney fees of this action pursuant to 20 U.S.C. §1415; and

(4) Grant such other and further relief as the Court deems just and proper.

Dated: November 17, 2023
New York, New York

Respectfully,

*/s/ Adam Dayan*

_____
Adam Dayan, Esq. (AD 5445)
*Attorney for Plaintiff*
Law Offices of Adam Dayan, PLLC
222 Broadway, 22nd Floor
New York, New York 10038
Phone: (646) 866-7157
Facsimile: (646) 866-7541
adayan@dayanlawfirm.com